IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LACCINOLE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-1831-BT** |
| | § | |
| **DON WOOD,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On December 13, 2024, the Findings, Conclusions and Recommendation of the United

States Magistrate Judge ("Report") (Doc. 47) was entered, recommending as follows:

> Having achieved dismissal of the lawsuit against them, Defendants Don
> Wood, Andrew Stefanides, American Coalition for Crisis Relief Consultants, Inc.,
> and American Coalition for Crisis Relief PAC move the Court to "reopen" this civil
> action so they may pursue their quest for sanctions against Plaintiff Christopher
> Laccinole []. As set forth below, the District Judge should deny Defendants' Motion
> to Reopen (ECF No. 41) and instruct the Clerk of Court to terminate Defendants'
> Motion for Sanctions (ECF No. 42).

Doc. 47 at 1.  The Report reasons that:

> In their [prior] motions to dismiss, Defendants made the same accusations
> (sometimes verbatim) against Plaintiff that they make in their motion to reopen.
> Specifically, Defendants label Plaintiff as "an infamous vexatious litigant and
> fraud" with a decades-long history of filing frivolous lawsuits and vexatious
> motions. Rule 12(b)(1) Mot. Dismiss 1 (ECF No. 21); Mot. Reopen (ECF No. 41);
> *see also* Rule 12(b)(6) Mot. Dismiss 1 (ECF No. 18). Defendants sought less severe
> non-monetary sanctions against Plaintiff in their Rule 12(b)(6) motion. But
> Plaintiff's [July 15, 2024]  Rule 41(a)(1)(A)(i) notice of dismissal was self-
> effectuating and terminated the case, leaving the Court without jurisdiction to now
> consider the sanctions Defendants asked for in their earlier motion. For this reason
> alone, Defendants are not entitled to the relief they seek.

*Id.* at 9.

**Order – Page 1**

The Report also notes that, even assuming that Defendants' request to reopen the case can be construed as a "dispositive motion" seeking relief under Federal Rules of Civil Procedure 59 or 60, it still fails because Rule 59(e) does not permit the revival of a dismissed action to initiate further proceedings, and Defendants could have prevented Plaintiff from exercising his right to voluntarily dismiss this action by simply filing an answer.  Doc. 47 at 6 (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)).

The Report concludes that Defendants' Motion to Reopen under Rule 60(b)(3) also fails because they have not shown by clear and convincing evidence that: (1) Plaintiff engaged in fraud or other misconduct; and that (2) such fraud or misconduct prevented them from fully and fairly presenting their case before Plaintiff filed his notice of voluntary dismissal.  In this regard, the Report reasons:

> Although Plaintiff's Declaration (ECF No. 26-1) seemingly contradicts his testimony from a July 2022 deposition in an unrelated case (ECF No. 21 Ex. B), the record does not establish—by clear and convincing evidence—that Plaintiff committed perjury or intentionally drove up Defendants' legal bills and costs by filing his Rule 41 Notice of Dismissal before the Court could hold the evidentiary hearing. To the contrary, Defendants incurred unnecessary fees when they filed their Rule 12(b)(1) motion while their Rule 12(b)(6) motion was still pending, and they would have incurred additional fees if they had appeared and participated in the evidentiary hearing. The record also does not show that Plaintiff's conduct prevented Defendants from presenting their case. After all, Defendants admittedly made a strategic decision not to seek sanctions under Rule 11 earlier in the case. Rule 12(b)(6) Mot. 11.

Doc. 47 at 9.

In addition, the Report concludes that Defendants' Motion to Reopen fails under Rule 60(b)(6) because they have not established the type of extraordinary circumstances warranting relief:

> Defendants are understandably—and perhaps justifiably—frustrated with the timing of Plaintiff's voluntary dismissal. But the Court should decline to reopen this lawsuit to allow Defendants to pursue their sanctions motion. Plaintiff filed a

Order – Page 2

Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i)—as was his right because Defendants had not filed an answer or a motion for summary judgment. Despite their familiarity with Plaintiff and his history of alleged vexatious litigation behavior, Defendants did not file an answer and a Rule 12(c) motion for judgment on the pleadings. Instead, Defendants filed Rule 12(b) motions to dismiss asserting that Plaintiff failed to state a claim for relief and lacked standing to bring his claims, which left the door open for Plaintiff to voluntarily dismiss his lawsuit before the Court could reach the merits of any of Defendants' arguments.

Doc. 47 at 10.

On December 27, 2024, Defendants filed Objections (Doc. 48) to the Report, contending that:

While it's certainly true that Defendants "achieved dismissal of the lawsuit against them," (Doc. 47, p. 1), this was only because Defendants caught Plaintiff red-handed committing perjury. In sum, Plaintiff lied about the number of phones he had between June 1, 2022 and July 11, 2022, a time period he voluntarily identified, under oath. If Plaintiff had not sat for a deposition in a different case where he gave directly conflicting testimony regarding this highly material issue, he would have gotten away with perjury and would still be prosecuting his illegitimate lawsuit. Such trickery must not be countenanced.

Doc. 48 at 2. Defendants summarize their objections as follows:

Defendants object to the Magistrate's finding that Laccinole should not face sanctions. (Doc. 47, p. 11.) Defendants object to the Magistrate's finding that Fed. R. Civ. P. 60's "clear and convincing" standard governs here. *Id.* p. 8. Defendants alternatively object to the Magistrate's finding that Defendants failed to prove Plaintiff committed perjury by clear and convincing evidence. *Id*. Defendants object to the Magistrate's failure to analyze Plaintiff's objectively provable perjury. *Id.* Defendants object to the Magistrate's factual findings about Defendants' Rule 12(b)(6) Motion. *Id.* p. 7. Defendants object to the Magistrate's erroneous finding that "Defendants' frustration with Plaintiff originates mostly from matters outside this case" and other unfortunate factual misapprehensions. *Id.* p. 11.

Doc. 48 at 3. On January 7, 2025, Plaintiff filed a response to Defendants' objections, arguing that the magistrate judge's findings and conclusions are correct such that Defendants' Motions (Doc. 41, 42) should be ruled on as recommended in the Report.

Defendants filed a reply on January 21, 2025 (Doc. 50) in which they continue to argue that Plaintiff made a false statement under oath. In addition, they contend that the court still has

jurisdiction over this action because it was dismissed without prejudice, and for this same reason,

Rule 60 does not apply because there was no final judgment.  Even if Rule 60 applies, Defendants

argue that they have satisfied the requirements for relief under this Rule because Plaintiff's

"perjury is part of a well-documented [] and decade long pattern of deception, dishonesty, and

litigation conduct" that has caused Defendants to unnecessarily incur legal fees and costs. Doc. 50

at 3. Defendants also assert that Plaintiff's voluntarily dismissal of this action only three days

before an evidentiary hearing regarding his perjury "highlights his motive, intent, and lack of

mistake." *Id.*  Defendants, therefore, contend that reopening the case to consider their motion for

sanctions against Plaintiff is appropriate.

The court disagrees.  Even assuming as Defendants contend that the court has jurisdiction

to reopen this case for purposes of ruling on their Motion for Sanctions, they cite no authority

requiring the court to do so under the circumstances.  As correctly noted by the magistrate judge,

Defendants could have sought the more severe monetary sanctions they now seek before Plaintiff

voluntarily dismissed the action, as they previously asserted in their Motions to Dismiss, based on

substantially similar arguments in the Motion to Reopen, that Plaintiff was "an infamous vexatious

litigant and fraud" with a decades-long history of filing frivolous lawsuits and vexatious motions.

Doc. 47 at 6 (comparing Docs. 21, 41, and 18). As the Report notes, Defendants also previously

asserted that they had a "rock-solid argument" and unshakable predicates" for seeking sanctions

under Rule 11(b)(2), but they nevertheless decided at that time to "hold[] off" on doing so "to save

all parties, and the Court, time and resources." Doc. 47 at 3 (quoting Doc. 18 at 11-12).

Defendants, therefore, only requested a "non-monetary" sanction in the form of a stern

admonishment.  Doc. 47 at 3 (quoting Doc. 18 at 12).  Regardless of whether Defendants argue

and can prove that Plaintiff has continued to lie under oath or in court filings since the prior

Order – Page 4

dismissal of this action, this does not change the fact that Defendants admittedly could have sought the relief they now seek before the case was dismissed based on information available regarding Plaintiff's decades-long misconduct.  Moreover, as the magistrate judge correctly observed, Defendants could have easily prevented Plaintiff from exercising his right to voluntary dismiss this action by simply filing an answer.  They made the strategic decision to not file an answer, which left open the door for Plaintiff to exercise his right to voluntarily dismiss the action.  That Defendants' legal strategy proved unsuccessful, however, does not justify reopening the case to allow Defendants, who were all represented by competent counsel, to do now what they could have previously done.  The court, therefore, **overrules** their objections to the Report.

Having considered Defendants' Motions (Docs. 41, 42), the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **denies** Defendants' Motion to Reopen (Doc. 41). It, therefore, declines to address Defendants' Motion for Sanctions (Doc. 42).

**It is so ordered** this 12th day of February, 2025.

Sam A. Lindsay
United States District Judge